Amir J. Goldstein, Esq. (CA Bar No. 255620)
ajg@consumercounselgroup.com
5455 Wilshire Boulevard, Suite 1812
Los Angeles, CA 90036
Tel 323.937.0400
Fax 866.288.9194

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS ERVIN, | CASE NO.: |
| Plaintiff, | CV12-06446 CAS (AGRx) |
| v. | |
| | COMPLAINT FOR DAMAGES |
| FULL SPECTRUM LITIGATION COMPANY, LLC and DOES 1 through 10 inclusive, | |
| Defendants. | |

Plaintiff, by and through his attorney, Amir J. Goldstein, Esq., as and for his complaint against the Defendant FULL SPECTRUM LITIGATION COMPANY, LLC alleges as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual for the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, *et seq.* ("Rosenthal Act") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## PARTIES

2. Plaintiff is a natural person residing in Bramwell, West Virginia.

3. Upon information and belief, the Defendant is a debt collector as defined pursuant to 15 U.S.C. § 1692a(6) with its principal place of business in Rancho Cucamonga, California.

## JURISDICTION

4. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. § 1331 and venue is proper in this district pursuant to 28 U.S.C. § 1391(c), as the venue is appropriate where the Defendant corporation is subject to jurisdiction in this district as it resides and regularly conducts business in this district.

## FIRST CAUSE OF ACTION

5. Plaintiff realleges paragraphs 1 through 4 as if fully restated herein.

6. That a personal debt was allegedly incurred by the Plaintiff from one Kay's Jewelers.

7. That Plaintiff has and continues to dispute the amount and validity of the alleged debt.

8. That upon information and belief, the aforementioned debt is barred by the statue of limitations.

9. That at a time unknown to Plaintiff herein, the aforementioned debt was referred and/or assigned to Defendant for collection.

### Count One

10. Plaintiff realleges paragraphs 1 through 9 as if fully restated herein.

11. That on or about June 20, 2012, Defendant, in an attempt to collect the alleged debt, called Plaintiff and left him a voice message which stated that the call was

regarding **"a complaint"** and a **"pending action being filed against [Plaintiff.]"**

12. That in said voice message, Defendant in an attempt to further scare and pressure Plaintiff, emphasized, **"It's important that they speak to you within the next 48 hours."** (emphasis added)

13. That Defendant's agent deceptively led Plaintiff to believe that if he didn't respond, Defendant would be **"forced to make a decision..."**

14. That in said communication, Defendant instructed Plaintiff to call **(888) 893-7010.**

15. That upon information and belief, the number (888) 893-7010 is a phone number owned and operated by Defendant.

*Count Two*

16. Plaintiff realleges paragraphs 1 through 15 as if fully restated herein.

17. That on or about June 2012, Defendant's agent spoke to Plaintiff in an attempt to collect the alleged debt.

18. That Defendant's agent, one **"Robert Hartnenn,"** in order to scare and intimidate Plaintiff, informed Plaintiff that he was being sued on the alleged debt.

19. That in said communication, Defendant's agent mocked Plaintiff and told him that it was **"comical"** that he was being sued.

20. That Defendant's agent falsely and deceptively told Plaintiff that he represented the company who was suing him in **"small claims court."**

21. That upon information and belief, Defendant's agent is not a licensed attorney.

22. That upon information and belief, Defendant does not institute lawsuits against its debtors.

23. That Defendant's agent deceptively told Plaintiff that there was no time to mail in payment and demanded that payment be made electronically.

24. That Defendant repeatedly demanded immediate payment and led Plaintiff to believe that it was his only option in order to stop the imminent lawsuit.

25. That Defendant's agent falsely and deceptively informed Plaintiff that they could not postpone the paperwork for the lawsuit unless he remitted payment that same day.

26. That on the following day, which was a Friday, Defendant contacted Plaintiff to once again demand payment by the **"end of the day"** otherwise documents would be submitted **"first thing Monday morning"** to move forward with the case where Plaintiff did not have to **"appear in court."**

27. That despite Plaintiff's request for documentation regarding the alleged debt, Defendant failed to provide Plaintiff with any written notice regarding the alleged debt in accordance with the law.

28. That Defendant led Plaintiff to believe that there was no time for Defendant to validate the debt.

29. That Defendant's misrepresentations caused Plaintiff to panic and suffer confusion, nervousness, stress and extreme anxiety.

*Count Three*

30. Plaintiff realleges paragraphs 1 through 29 as if fully restated herein.

31. That on or about June 22, 2012, Defendant communicated with Plaintiff's mother, a third party, in an attempt to collect on a debt.

32. That Defendant deceptively indicated, in pertinent part, that Defendant was trying to get Plaintiff **"served a subpoena to appear in court…"**

33. That Defendant added, **"I don't want to move forward and him end up with an F.T.A., which means we move forward with the hearing without his consent and he is not present at that court hearing."**

34. That Defendant's agent provided a case number and instructed that Plaintiff call (951) 200-8302 **"by end of business day today"** because Defendant warned, **"I am scheduling the filing of the case Monday morning, 9am."**

35. That upon information and belief, the number **(951) 200-8302** is a phone number owned and operated by Defendant.

36. That upon information and belief, Defendant had no intent to file a lawsuit against Plaintiff or serve him with any legal documents.

37. That upon information and belief, Defendant has no procedure to institute legal proceedings against consumers.

38. That during the phone communications, Defendant's agents failed to properly identify themselves, disclose the purpose of the phone call or provide any meaningful disclosures as required by law.

39. That Defendant, in an attempt to collect a debt, engages in a pattern or practice of communicating with consumers where the representations made by the Defendant are harassing, confusing, misleading, deceptive and/or unfair.

40. That following Defendant's conduct, Plaintiffs suffered actual damages, including, but not limited to: stress, anxiety, aggravation, depression and sleepless nights.

41. That Plaintiff suffers from anxiety which was greatly exacerbated as a result of Defendant's conduct.

42. That Defendant's conduct violates 15 U.S.C. 1692 et seq., including but not limited to subsections (c), (d), (e), (f) and (g) in that the representations made by the Defendant are abusive, false, confusing, misleading, deceptive, harassing, unfair and fail to advise the consumer of his legal rights as required by law.

    i.  That the Defendant's conduct violates 15 U.S.C. §1692b because: 1) the Defendant communicated with a third party for a purpose other than to acquire location information and 2) the Defendant did not state that he was confirming or correcting location information;

ii.   The Defendant violated 15 U.S.C. § 1692c because the Defendant communicated with a third party in an attempt to collect a debt;

iii.   The Defendant violated 15 U.S.C. § 1692d by harassing the Plaintiff;

iv.   The Defendant violated 15 U.S.C. § 1692e by failing to make proper disclosures, by using false threats and by employing deceptive means in an attempt to collect a debt;

v.   The Defendant violated 15 U.S.C. §1692f by engaging in unfair or unconscionable means to collect or attempt to collect any debt; and

vi.   The Defendant violated 15 U.S.C. §1692g by failing to provide written notice regarding the alleged debt in accordance with the FDCPA.

43. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violations, the Defendant is liable to the Plaintiff for actual damages and statutory damages in an amount to be determined at the time of trial but not less that $1,000.00 per violation, plus costs and attorney's fees.

**AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF**

44. Plaintiff realleges paragraphs 1 through 43 as if fully restated herein.

45. The Rosenthal Fair Debt Collection Practices Act (Rosenthal Act), California Civil Code § 1788, et seq., prohibits unfair and deceptive acts and practices in the collection of consumer debts.

46. By its acts and practices as hereinabove described, the Defendant has violated the Rosenthal Act as follows, without limitation:

i.   By placing telephone calls without disclosure of the caller's identity, Defendant has violated §1788.11(b);

ii.   In failing to inform consumers its true identity, Defendant has violated §1788.13(a), which prohibits communications with the debtor other than in the name of the debt collector or the person on whose behalf the debt collector is acting and §1788.13(i), which prohibits the false

representation of the true nature of the business or services being rendered by the debt collector;

    iii.   By making the false representation that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made, Defendant has violated §1788.13(j);

    iv.   By failing to include certain debt collection notices and disclosures required by law.

47. Pursuant to § 1788.30 of the Rosenthal Act, Plaintiffs is entitled to recover his actual damages sustained as a result of the Defendant's violations of the Rosenthal Act.  Such damages include, without limitation, statutory damages, any actual damages sustained, other resulting monetary losses and damages, and emotional distress suffered by Plaintiff, which damages are in an amount to be proven at trial.

48. In addition, because the Defendant's violations of the Rosenthal Act were committed willingly and knowingly, Plaintiff is entitled to recover, in addition to his actual damages, penalties of at least $1,000 per violation as provided for in the Act.

49. Pursuant to § 1788.30(c) Rosenthal Act, Plaintiff is entitled to recover all attorneys' fees, costs and expenses incurred in the bringing of this action.

**WHEREFORE,** Plaintiffs respectfully pray that judgment be entered against Defendant in the amount of:

    (a)   Statutory damages and actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on the first cause of action.

    (b)   Statutory damages and actual damages pursuant to Civil Code §1788.30 *et seq.*, as to the second cause of action.

    (c)   Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and Civil Code §1788.30, *et seq.*

Complaint for Damages

1    (d)    For such other and further relief as may be just and proper.

2    (e)    Plaintiffs request trial by jury on all issues so triable.

3

4

5    Dated: July 26, 2012                          AMIR J. GOLDSTEIN, ESQ.

6

7

8                                                  _____
                                                   Amir J. Goldstein
9                                                  Attorney for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Christina A. Snyder and the assigned discovery Magistrate Judge is Alicia G. Rosenberg.

The case number on all documents filed with the Court should read as follows:

## CV12- 6446 CAS (AGRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)          NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
Amir J. Goldstein, Esq.
5455 Wilshire Blvd., Suite 1812
Los Angeles, CA 90036

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

CHRIS ERVIN,

PLAINTIFF(S)

v.

FULL SPECTRUM LITIGATION COMPANY, LLC
and DOES 1 through 10 inclusive,

DEFENDANT(S).

CASE NUMBER

CV12-06446 CAS (AGRx)

SUMMONS

TO:   DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you
must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint
☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer
or motion must be served on the plaintiff's attorney, _Amir J. Goldstein_____, whose address is
_5455 Wilshire Blvd., Suite 1812  Los Angeles, CA 90036_____. If you fail to do so,
judgment by default will be entered against you for the relief demanded in the complaint.  You also must file
your answer or motion with the court.

JUL 2 7 2012

Dated: _____

Clerk, U.S. District Court

JULIE PRADO

By: _____
          Deputy Clerk

          1154

(Seal of the Court)

_[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed
60 days by Rule 12(a)(3)]._

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
CHRIS ERVIN,

**DEFENDANTS**
FULL SPECTRUM LITIGATION COMPANY, LLC and DOES 1 through 10 inclusive,

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Amir J. Goldstein, Esq.
5455 Wilshire Blvd., Suite 1812 Los Angeles, CA 90036
Tel. 323.937.0400

Attorneys (If Known)

---

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff       ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant     ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country ☐ 3 | | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding     ☐ 2 Removed from State Court     ☐ 3 Remanded from Appellate Court     ☐ 4 Reinstated or Reopened     ☐ 5 Transferred from another district (specify):     ☐ 6 Multi-District Litigation     ☐ 7 Appeal to District Judge from Magistrate Judge

---

**V. REQUESTED IN COMPLAINT:     JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No          ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

---

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 USC 1692 et seq; Violations of the Fair Debt Collection Practices Act ("FDCPA")

---

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☑ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | IMMIGRATION | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV12-06446

---

FOR OFFICE USE ONLY:     Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                    CIVIL COVER SHEET                                   Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑No  ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☑No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)  ☐ A.  Arise from the same or closely related transactions, happenings, or events; or

☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D.  Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX.  VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | West Virginia |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino | |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
  **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | West Virginia |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____    Date ____7/26/12____

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but  is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |